FILED: JANUARY 29, 2009
09CV0592
JUDGE NORDBERG
MAGISTRATE JUDGE SCHENKIER
EDA

Case: 1:09-cv-00592 Document #: 1 Filed: 01/29/09 Page 1 of 7 PageID #:1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, individually and<br>on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>VENGROFF, WILLIAMS & ASSOCIATES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

JURY TRIAL DEMANDED

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff, Nicholas Martin ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons to secure redress against an unlawful collection practice engaged in by Defendant Vengroff, Williams & Associates, Inc., ("VWA") that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692p, ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct with is abusive, and any false, deceptive or misleading statements in connection with the debt and it requires debt collectors to provide consumers with certain information.  15 U.S.C. §§ 1692d and 1692e.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 15 U.S.C. §1692k (FDCPA).

4.      Venue and personal jurisdiction over VWA in this District is proper because:

     a.     Plaintiff resides in the District;

     b.     VWA transacts business in the District via the telephone lines and maintains an office at 7101 N. Cicero Ave., Ste. 110, Lincolnwood, Illinois 60712; and

     c.     VWA's collection activities occurred within the District.

## PARTIES

5.     Plaintiff is an individual who resides in the Northern District of Illinois.

6.     VWA is incorporated under the laws of Illinois with an office located at 7101 N. Cicero Ave., Ste. 110, Lincolnwood, Illinois 60712.   For service of process in Illinois its agent and address is Patricia A. Heeney, 7101 N. Cicero Ave., Ste. 110, Lincolnwood, Illinois 60712. For service of process, VMA's President and his address is John Antonucci, 2221 Fruitville Rd., Sarasota, Florida, 34237, and its Secretary and her address is Kristy Carino, 777 Larkfield Rd. Suite 107, Commack, New York, 11725.

7.     According to VWA's website it has offices located in: Lincolnwood, Illinois; Garden Grove, California; Sarasota, Florida; Commack, New York; Boulogne-Brillancourt, France; Milan, Italy; The Nertherlands; Madrid, Spain; and Hertfordshire, United Kingdom.

8.     VMA is engaged, in part, in the practice of attempting to collect debts through phone calls on behalf of companies who have allegedly purchased defaulted and charged-off accounts receivable.

9.     VMA maintains the website http://vwainc.com that describes itself, in pertinent part as follows:

**Third Party Collections**

We team our leadership in technology and program development with the power of our expert collectors to motivate those slow- or non-paying customers.

http://www.vwainc.com/index.nsf/collections?openform

10.     VMA is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**FACTS**

11.     On January 29, 2009 at approximately 8:03 a.m., VMA left a voice message intended for Plaintiff.

12.     The voice message stated, "This is an important call for Nicholas Martin. This is not a telemarketing call.  Please ask Nicholas Martin to call us at 888-549-7791 and reference account number 2983742.  Thank you."

13.     The voice message was a pre-recorded message.

14.     The voice message did not identify that the message was from VMA.

15.     The voice message did not identify the purpose of the message was an attempt to collect a debt.

16.     (888) 549-7791 is a phone number used by VMA.

17.     On January 29, 2009, Plaintiff called (888) 549-7791 and found out that the telephone number was used by VMA.

18.     VMA's message for Plaintiff was an attempt to collect a purported debt incurred for personal, family, or household purposes.

**COUNT I**
**FDCPA § 1692d(6) and  § 1692e(11) VIOLATIONS**

19.     Plaintiff incorporates paragraphs 1-18 above.

20.     15 U.S.C. §1692d(6) provides:

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

21.    15 U.S.C. §1692e(11) provides:

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

22.    VMA's voice message was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.*, 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC*, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP*, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

23.    VMA's voice message for Plaintiff did not make a meaningful disclosure of the caller's identity.

24.    VMA's voice message for Plaintiff failed to disclose that the communication was from a debt collector.

## CLASS ALLEGATIONS

25.    Plaintiff brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

26.     The class consists of (a) all natural persons with an Illinois address or area code (b) where VMA left a pre-recorded voice message in the form quoted above (c) where the message failed to identify VMA or state that the message was from a debt collector, (d) during a period beginning January 29, 2008 and ending January 29, 2009.

27.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

28.     The predominant question is whether the form of the pre-recorded voice message quoted above violates the FDCPA.

29.     Plaintiff's claims are typical of the claims of the class members in that the messages are all based on the same factual and legal theories.

30.     The class is so numerous that joinder of all the members is impractical.

31.     On information and belief there are 40 persons who are identified by the class definition above.

32.     Plaintiff will fairly and adequately represent the members of the class.

33.     Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

34.     A class action is superior for the fair and efficient adjudication of this matter in that:

a.     VMA's course of conduct affects a large group of individuals;

b.     Multiple individual actions are not judicially economical;

c.     Congress contemplated class actions as a means of enforcing the FDCPA; and

d. The Class members are unaware that their rights have been violated.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the Class and against VMA for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner        ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Alexander H. Burke ARDC # 6281095
ABurke@BurkeLawLLC.com
Burke Law Offices, LLC
155 N. Michigan Ave. Ste. 732
Chicago, Illinois 60601
(312) 729-5288 (TEL)

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner        ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza

155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Alexander H. Burke ARDC # 6281095
ABurke@BurkeLawLLC.com
Burke Law Offices, LLC
155 N. Michigan Ave. Ste. 732
Chicago, Illinois 60601
(312) 729-5288 (TEL)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to
counsel.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner        ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Alexander H. Burke ARDC # 6281095
ABurke@BurkeLawLLC.com
Burke Law Offices, LLC
155 N. Michigan Ave. Ste. 732
Chicago, Illinois 60601
(312) 729-5288 (TEL)